IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN MCCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:18-CV-689-B-BH |
| ) | |
| CITY OF DALLAS POLICE ) | |
| DEPARTMENT ET AL., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice**.

**I. BACKGROUND**

On March 22, 2018, Melvin McCormick (Plaintiff) filed suit against Dallas Police Chief Renee Hall (Chief) and Officers NFM Garrett, R.C. Harding, and NFN McClanahan (collectively Defendants) for alleged harassment, racial discrimination, and violation of his civil rights. (docs. 3 at 1-2;[1] 8 at 1-5.[2]) He alleges violations of 18 U.S.C. §§ 241, 242, 245, and 249, and 42 U.S.C. § 14141, and he seeks monetary damages in the amount of $50,000,000 and "issuance of a mandamus order to cease and desist all discriminatory actions against [him]." (docs. 3 at 3-7; 8 at 1-6.) No process has issued.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to mandatory judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.* "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982). Furthermore, under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. CRIMINAL STATUTES

Plaintiff generally alleges violations of 18 U.S.C. §§ 241, 242, 245, and 249.

Sections 241, 242, 245 and 249 are all criminal statutes that do not provide a private right of action. *See Chaney v. Races and Aces,* 590 F. App'x 327, 330 (5th Cir. 2014) (finding that §§ 241 and 242 are criminal statutes that do not create a private right of action), citing *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993); *Williams v. Tri-County Comm. Ctr*, 452 F.2d 221, 223 n. 3 (5th Cir. 1971) (noting that §245 is a criminal statute that confers no rights); *Rhine v. McFarland*, No. 3:15-CV-2185, 2015 WL 5432097, at *1-2 (N.D. Tex. Aug. 19, 2015) (collecting cases finding that as a criminal statute, § 249 does not give rise to a private right of action), *rec. adopted by* 2015 WL 5398875 (N.D. Tex. Sept. 14, 2015). Private citizens cannot enforce criminal statutes in a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Nor does a citizen have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Accordingly, Plaintiff's claims under §§ 241, 242, 245, and 249 should be dismissed for failure to state a claim.

### IV. 42 U.S.C. § 14141

Plaintiff also sues under 42 U.S.C. § 14141.

The Fifth Circuit has found that a claim under § 14141, which allows a civil action to eliminate a pattern or practice of unconstitutional conduct by governmental entities and their employees, may only be brought by the Attorney General. *Chaney,* 590 F. App'x at 330. It does not create a private cause of action by private citizens. *See Rodgers v. City of Dallas,* No. 3:15-CV-01631-N, 2016 WL 9076232, at *2 n. 1 (N.D. Tex. Oct. 12, 2016); *Johnson v. Dodson,* No. 2:14-CV-00059-J, 2014 WL 4513380, at *4 (N.D. Tex. Sept. 12, 2014); *White v. City of Dallas,* No. 3:12-CV-2145-O, 2013 WL 821992, at *5-6 (N.D. Tex. Feb. 8, 2013), rec. adopted 2013 WL 840503 (N.D. Tex. Mar. 6, 2013); *Knight v. City of Balch Springs,* No. 3:11-CV-1122-B-

3

BH, 2011 WL 3519938, at *2 (N.D. Tex. July 25, 2011), rec. adopted 2011 WL 3510877 (N.D. Tex. Aug. 10, 2011). Plaintiff's § 14141 claims should be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## V. SECTION 1983

Plaintiff's claims that Defendants have violated his civil rights may liberally be construed as arising under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, Plaintiff's complaint is devoid of any facts that would support a plausible claim against any of the named defendants; it contains only bare generalized allegations that do not rise above mere labels or conclusions or a formulaic recitation of inapplicable statutes. Despite an opportunity to clarify his claims against the individuals defendants in his answers to a magistrate judge's questionnaire, he provided no additional facts. Accordingly, he has also failed to state claim under § 1983.

## VI. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED on this 30th day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE